No. 45,980

STATE OF KANSAS, *Petitioner*, v. J. NELSON THOMPSON, *Respondent*.

(478 P. 2d 208)

Opinion filed December 12, 1970. 

*Ernest C. Ballweg,* Assistant Attorney General, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the petitioner.

*Charles S. Scott,* of Topeka, argued the cause and was on the brief for the respondent.

*Per Curiam:* This is an original proceeding in discipline.

This matter came to the attention of the State Board of Law Examiners by reason of findings made by the District Judge of division No. 4 of the Johnson County District Court. The findings referred to were entered in connection with a separate maintenance action entitled *Madeline Slaughter v. John Slaughter* in the District Court of Johnson County.

The district court found that the conduct of the respondent, J. Nelson Thompson, while he was an attorney for the defendant in the above entitled case, indicated unethical conduct by reason of respondent going to the home of plaintiff and conversing with her concerning the subject matter of the action. A transcript of the testimony of respondent in the divorce action was forwarded to the State Board of Law Examiners. An investigation was made by a member of the Board and a report was filed to the effect that the investigation disclosed facts which warranted further proceedings. (Supreme Court Rule No. 204, 203 Kan. LV.)

Pursuant to the provisions of Supreme Court Rule No. 205 the Board determined that a hearing should be held by a panel consisting of three members of the Board. An amended complaint was filed in form and substance as follows:

"Pursuant to Rule No. 205 of the Supreme Court, and for the purpose of setting forth the charges herein clearly and specifically, the complaint against J. Nelson Thompson is amended to read as follows:

"I

"On July 25, 1968, J. Nelson Thompson did, while he was attorney for the defendant in *Madeline Slaughter v. John Slaughter,* No. 41443, in the District Court of Johnson County, discuss the subject of that controversy with the plaintiff at her apartment in Lenexa, Kansas, without the prior knowledge or approval of the plaintiff's attorney."

The charge contained in the amended complaint rests upon an alleged violation of No. 9 of the Canons of Professional Ethics adopted by the American Bar Association (198 Kan. xviii, [now Rule No. 501, DR 7-104 (A) Code of Professional Responsibility]), which reads:

"Negotiations with Opposite Party. A lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel; much less should he undertake to negotiate or compromise the matter with him, but should deal only with his counsel. It is incumbent upon the lawyer most particularly to avoid everything that may tend to mislead a party not represented by counsel, and he should not undertake to advise him as to the law."

On September 3, 1969, a hearing was had on the amended complaint by the duly constituted three member panel of the Board of Law Examiners. The background of events and material facts pertaining to the accusation are related in the findings of the panel as follows:

"1. Respondent is admitted to practice law in the State of Kansas, having been admitted on motion in 1952 under Rule 8 of the Rules of the State Board of Law Examiners (now Rule 210 [i]), and does now maintain his office at 3427 Prospect, Kansas City, Missouri.

"2. That on or about July 29, 1968, the respondent, as attorney and counsel for John H. Slaughter of 6306 Walnut Street, Kansas City, Missouri, filed an action in the Circuit Court of Jackson County at Kansas City against Madeline Slaughter praying for a divorce, being Case No. 717549 in that Court. Prior to the filing of the action in Kansas City, Missouri, an action was pending between the same parties for the same relief in Case No. 5462 in the County Court of St. Charles County, Missouri. This case was dismissed on June 11, 1968 for want of prosecution. On June 27, 1968, respondent, as attorney for John H. Slaughter, attempted to get the case in St. Charles County, Missouri, reinstated.

"Madeline Slaughter by and through her attorney, Wayne L. Zeigler of Mission, Kansas, filed her action for divorce against John H. Slaughter in the District Court of Johnson County, Kansas, on or about May 17, 1968, and on or about June 19, 1968, respondent filed a motion in Case No. 41443 in the District Court of Johnson County requesting the petition of Madeline Slaughter for separate maintenance be dismissed. At the time, Charles S. Scott of Topeka, Kansas, joined with the respondent on the motion.

"Respondent J. Nelson Thompson appeared in the District Court in Johnson County on several occasions as attorney for John H. Slaughter, however, the Court refused to recognize him as counsel in the Johnson County District Court proceedings because of his failure to comply with the provisions of K. S. A. 7-104. The respondent continued, however, to act as attorney for the said John H. Slaughter, advising and counseling with the said Slaughter and with Chas. S. Scott, attorney of record in the Johnson County case, in reference to that case. He did at a later date and on the sixth day of September, 1968,

appear in the Johnson County District Court as attorney for John H. Slaughter, and the Judge of that court again refused to allow him to take part in the proceedings in the courtroom. While this relationship of attorney and client existed between the respondent and John H. Slaughter, the respondent did visit with the other party to the action, Madeline Slaughter, on or about July 25, 1968, and in visiting with her discussed the merits of the Johnson County case with her, including a discussion with regard to the furniture of the Slaughters', which, at that time, was in possession of Madeline Slaughter; and further, had a discussion with her regarding her wishes as to the custody of the minor children of John H. and Madeline Slaughter, both of which matters were involved in the divorce action in Johnson County. At that time the respondent knew that Madeline Slaughter was represented by counsel in Johnson County, to-wit Wayne Zeigler, and he did not request permission from Zeigler to talk to Zeigler's client, nor did he advise Zeigler that he intended to talk to Madeline Slaughter. Subsequent to that date, and on October 15, 1968, during a hearing in the District Court of Johnson County, Kansas, in the case of Madeline Slaughter against John H. Slaughter, the respondent did testify as to his conversations with Madeline Slaughter held outside the presence of, and without the knowledge of counsel for Madeline Slaughter, and quoted Madeline Slaughter as stating to him on July 25, 1968:

" '[T]hat the children were over in Danville, Illinois with his parents, and she was pleased that they were there and she had no objections to them remaining there and the indication was to me they could always remain there because she knew they were being well taken care of. . . .'

which related to the issue then pending before the Johnson County District Court as to the custody of the minor children of the parties.

"Respondent's testimony in regard to the custody of the children contradicted the testimony of Madeline Slaughter that she did not want the children cared for and in the actual custody of John H. Slaughter's parents.

"Respondent testified in regard to the furniture in Madeline Slaughter's possession that he tried to convince her to turn the furniture over to him, and that he was acting as attorney for the true owners of said furniture, relatives of John H. Slaughter, and attempted to excuse his visiting Mrs. Slaughter on that basis."

The panel concluded that respondent's admitted conduct in communicating with Madeline Slaughter, without the consent of her attorney, was a clear violation of Canon No. 9. The panel recommended that respondent be disciplined by "Public Censure" in accordance with provisions of Supreme Court Rule No. 205 (*m*) and (*n*) (203 Kan. LV-LVII).

The findings of the panel were submitted to and adopted by the Board of Law Examiners as a whole. Thereafter, the Board filed its report, findings and recommendations with this court and mailed a copy thereof to the respondent and his attorney as provided for under Rule No. 205.

Respondent elected to file exceptions to the report of the Board of Law Examiners and the matter was docketed in this court.

In short, respondent claims that the district court advised him that he could not be recognized as counsel in the case because of his failure to comply with the provisions of K. S. A. 7-104 and that, thereafter, respondent considered himself as no longer participating in the case as an attorney for John H. Slaughter.

Respondent admits he visited Madeline Slaughter on or about July 25, 1968, but with respect to the Board's finding in this connection he alleges:

". . . the respondent was retained by the mother and father of John H. Slaughter to recover certain items of personal property, to-wit: furniture, from Madeline Slaughter and in the process of discharging his service on behalf of the parents of John H. Slaughter, he made arrangements to visit Madeline Slaughter solely for the purpose of discussing the recovery of the furnishings. (A copy of respondent's letter to the Slaughter parents is hereto attached and made a part hereof.) While he was present at the residence of Madeline Slaughter, Madeline Slaughter, without any suggestions or probing, voluntarily made statements regarding John H. Slaughter, defendant in the separate maintenance action, and then about the children. And, she stated that the children were in Danville, Illinois with the parents of John H. Slaughter and she was pleased that they were there and that she had no objections to them remaining there. . . ."

Mrs. Slaughter's testimony refutes respondent's claim that she voluntarily brought up the subject of the children and her husband during the conversation on July 25, 1968. When questioned whether it was true she had volunteered information about the children she answered "No, it's not."

There is evidence that on July 29, 1968, four days following the conversation with Mrs. Slaughter, respondent, as attorney for John Slaughter, filed a divorce action in Jackson County, Missouri, in an attempt to revive a previous action which had been filed in St. Charles County, Missouri.

In September 1968, at a hearing in the separate maintenance action in the district court of Johnson County, Kansas, respondent once again attempted to sit at John Slaughter's counsel table with Mr. Charles Scott.

Despite the fact that respondent was not permitted to sit at the counsel table, the record shows that respondent continued to be deeply involved in representing John Slaughter in his domestic difficulties with his wife, Madeline. Respondent's actions and his

attempt to sit at the counsel table in September 1968 is persuasive evidence that he continued the representation of his client. We are forced to conclude the evidence was sufficient to sustain the charge.

Respondent's evidence that he had been retained by John Slaughter's parents to recover furniture from Madeline might serve as an explanation of his visit to Madeline's residence, but it is no justification for his conversation with Madeline concerning custody of the children or other issues involved in the pending litigation.

The purposes of Canon No. 9 are to shield the adverse party from improper approaches and to preserve the proper functioning of the legal profession. While there is nothing about respondent's conduct that amounts to fraud, dishonesty or moral turpitude, nevertheless it was in violation of the purposes of Canon No. 9.

It is, therefore, by the court considered, ordered and adjudged that J. Nelson Thompson be and he is hereby censured by this court.